IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 20, 2019

## STATE OF TENNESSEE v. WILLIAM KEVIN KENNEDY

**Appeal from the Criminal Court for Sullivan County**
**No. S64105     William K. Rogers, Judge**

_____

### No. E2019-00403-CCA-R3-CD

_____

The defendant, William Kevin Kennedy, appeals the revocation of the sentence of probation imposed for his 2016 Sullivan County Criminal Court convictions of solicitation of a minor and attempted aggravated sexual battery, claiming that he was deprived of the effective assistance of counsel at the revocation hearing. Because the interests of justice do not require the waiver of the timely filing of the notice of appeal in this case, the appeal is dismissed as untimely.

### Tenn. R. App. P. 3; Appeal Dismissed

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, and D. KELLY THOMAS, JR., JJ., joined.

Samuel E. White, Kingsport, Tennessee (on appeal); and J. Lewis Combs, Assistant District Public Defender (at hearing), for the appellant, William Kevin Kennedy.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Barry P. Staubus, District Attorney General; and Dustin Franklin, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Originally charged with one count each of the solicitation of a minor and aggravated sexual battery, the defendant pleaded nolo contendere on April 28, 2016, to one count of the solicitation of a minor and one count of the lesser included offense of attempted aggravated sexual battery in exchange for a total effective sentence of 10 years to be served on supervised probation. In August 2018, a probation violation warrant issued alleging that the defendant had violated the terms of his probation by failing to report for a mental health, drug, and alcohol assessment; by failing to report as instructed "for Relapse Prevention"; by failing to report to the probation office to have his GPS unit

charged; and by testing positive for the use of methamphetamine, amphetamines, and benzodiazepines.

At the January 28, 2019 revocation hearing, the defendant conceded that he violated the terms of his probation as alleged in the warrant. The defendant testified that he had not received any of his necessary medications since having been incarcerated for the probation violation and agreed that he had continued to experience difficulties with "altercations with other individuals" while incarcerated.

The defendant's father, William Carrol Kennedy, testified that he suffered from health problems related to his lungs, heart, and bones, and that he required the defendant's help at home. In addition, Mr. Kennedy testified that he had "pretty well eliminated any possible" chance that the defendant would engage in the same behavior that he had "in the past few months." He said that in addition to the defendant's helping make sure Mr. Kennedy took his medication, Mr. Kennedy helped make sure the defendant took his own medication.

During cross-examination, Mr. Kennedy acknowledged that this was the third time that the defendant had violated the terms of his probation and that the defendant was living with him when he committed the previous violations. He said that, with regard to the defendant's failure to charge "his home arrest bracelet," the one that had been given to the defendant "was hard to charge" and that probation officials "kept blaming it on my electricity, which is impossible." Mr. Kennedy stated that he did not "know anything about" the defendant's "failure to report, because I did go to the trouble [of] getting him a car."

At the conclusion of the hearing, the defendant conceded that this was his third probation violation but asked the trial court to reinstate his probation, noting the violence in the jail, the issues with his receiving his medication while incarcerated, and his father's need for assistance at home. The trial court observed that "this is the third violation, . . . an egregious violation, several times that he failed to report and then he failed the drug test." The court revoked the defendant's probation and ordered that he serve the balance of his sentence in the Department of Correction. The court entered a written order of revocation on January 29, 2019.

Following the revocation hearing, defense counsel moved to withdraw on grounds that the defendant had "contacted District Public Defender Andrew Gibbons on February 6, 2019, making various allegations against defense counsel and stating his intention to sue the public defender's office." The trial court granted the motion and appointed substitute counsel. On March 4, 2019, the defendant filed a notice of appeal of the revocation order.

As an initial matter, we note that the trial court revoked the defendant's probation in open court on January 28, 2019, and entered a revocation order on January 29, 2019. The notice of appeal must "be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4. Although the court entered an amended revocation order on February 8, 2019, the amended order did not alter the judgment revoking the sentence but corrected the number of days credited to the defendant's sentence.

> By definition, an amended or corrected judgment operates upon the existing judgment. The result is that an amendment or correction to a judgment generally does not restart the time for filing a tolling motion such as a Rule 33 motion for a new trial or, as the case may be, a notice of appeal.

*State v. Raygan L. Presley*, No. M2007-02487-CCA-R3-CD, 2008 WL 3843849, at *3 (Tenn. Crim. App., Nashville, Aug. 18, 2008). In consequence, the defendant's notice of appeal was not timely.

That being said, this court may waive the timely filing of the notice of appeal "in the interests of justice." *See* Tenn. R. App. P. 4(a). In our view, however, waiver of the timely filing of the notice of appeal is not warranted in this case. The single issue presented in this appeal, that the defendant was deprived of the effective assistance of counsel at the revocation hearing, is raised for the first time on appeal, and, consequently, is waived. *See Cauthern v. State*, 145 S.W.3d 571, 599 (Tenn. Crim. App. 2004) ("[A]n issue raised for the first time on appeal is waived."). Moreover, "the right to counsel at a revocation of probation hearing is not guaranteed by either the Constitution of the United States or the Constitution of the State of Tennessee." *Richard Lee Kiser v. State*, No. 01C01-9503-CC-00071, 1995 WL 715510, at *3 (Tenn. Crim. App., Nashville, Dec. 6, 1995). "Thus, the effectiveness of counsel at a revocation hearing is not a constitutional issue, except in those cases where the performance of counsel is so defective that another right which is constitutionally guaranteed at a revocation hearing is violated." *Id.* Where, as here, there has been no allegation that counsel's allegedly deficient performance negatively impacted any of his constitutionally guaranteed rights, a claim of ineffective assistance of counsel will not avail the defendant of any relief. Finally, it is important to note that the defendant conceded that he violated the terms of his probation for a third time. The law is well-settled that the trial court does not abuse its discretion by choosing incarceration from among the options available after finding that the defendant has violated the terms of his probation.

Because the single issue presented on appeal is waived and, in any event, would not entitle the defendant to relief, the interests of justice do not warrant the waiver of the timely filing of the notice of appeal in this case. Accordingly, the appeal is dismissed.

_____
JAMES CURWOOD WITT, JR., JUDGE